FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 9 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00815-BNB

HOWARD G. ROBINSON,

    Plaintiff,

v.

JULIE WANDS, Warden,

    Defendant.

_____

ORDER VACATING ORDER GRANTING LEAVE
TO PROCEED PURSUANT TO 28 U.S.C. § 1915

_____

On June 7, 2011, the court entered an order (doc. #9) granting Plaintiff, Howard

G. Robinson, leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this

action and directing him to make monthly filing fee payments pursuant to § 1915(b)(2).

For the reasons stated below, that order will be vacated.

Mr. Robinson initiated this action by filing *pro se* an Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2241 claiming that he was being punished by

prison officials because he was not making payments under the BOP Inmate Financial

Responsibility Program ("IFRP") that he could not afford to make. Mr. Robinson also

paid the $5.00 filing fee for a habeas corpus action. Because it appeared that Mr.

Robinson was challenging the conditions of his confinement rather than the execution

of his sentence, Mr. Robinson was ordered to file an amended pleading using the

Court's Prisoner Complaint form. He also was directed to pay the remaining $345.00

for a civil action or to file a motion seeking leave to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915.

On June 3, 2011, Mr. Robinson filed a Prisoner Complaint again challenging the amount of money he is being forced to pay under the IFRP, and he filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Although it was not clear originally, based on Mr. Robinson's allegations in the Prisoner Complaint, it now appears that the payments he is being forced to make under the IFRP relate to court-ordered restitution in his criminal case. As a result, Mr. Robinson's claim does challenge the execution of his sentence and may be raised in a habeas corpus action pursuant to 28 U.S.C. § 2241. *See Davis v. Wiley*, 260 F. App'x 66, 68 n.2 (10th Cir. 2008).

Because Mr. Robinson's claim may be raised in a habeas corpus action and he has paid the filing fee for a habeas corpus action, the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 should be denied as moot and Mr. Robinson should not be required to make any further filing fee payments. Therefore, the order granting Mr. Robinson leave to proceed *in forma pauperis* and directing him to make monthly filing fee payments will be vacated. The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 will be denied as moot. Accordingly, it is

ORDERED the court's Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915 (doc. #9) filed in this action on June 7, 2011, is VACATED. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (doc. #6) is DENIED as moot.

2

DATED June 9, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland         
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00815-BNB

Howard G Robinson
Reg. No. 27515-112
FCI Florence
PO Box 6000
Florence, CO 81226

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on June 9, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk