FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 16 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00815-BNB

HOWARD G. ROBINSON,
    Applicant,

v.

JULIE WANDS, Warden,
    Respondent.

## ORDER OF DISMISSAL

Applicant, Howard G. Robinson, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado. Mr. Robinson initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 claiming that he was being punished by prison officials because he was not making payments under the BOP Inmate Financial Responsibility Program ("IFRP") that he allegedly could not afford to make. Because it appeared that Mr. Robinson was challenging the conditions of his confinement rather than the execution of his sentence, Mr. Robinson was ordered to file an amended pleading using the Court's Prisoner Complaint form.

On June 3, 2011, Mr. Robinson filed a Prisoner Complaint again challenging the amount of money he is being directed to pay under the IFRP. Although it was not clear originally, based on Mr. Robinson's allegations in the Prisoner Complaint, it now appears that the payments he is being forced to make under the IFRP relate to court-ordered restitution in his criminal case. As a result, Mr. Robinson's claim does

challenge the execution of his sentence and may be raised in a habeas corpus action pursuant to 28 U.S.C. § 2241. **See Davis v. Wiley**, 260 F. App'x 66, 68 n.2 (10th Cir. 2008). Therefore, the Court will consider Mr. Robinson's claim in the context of § 2241.

The Court must construe the pleadings filed by Mr. Robinson liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the pleadings reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. **See id.** For the reasons stated below, the action will be dismissed.

Mr. Robinson does not challenge the BOP's authority to set restitution payments under the IFRP. Instead, he challenges the amount of the IFRP payments he must make in order to participate in the IFRP. More specifically, Mr. Robinson is "[s]eeking court intervention that would allow [him] to pay $25.00 quarterly payments and disallow defendant and or the subordinates thereof from pursuing any negative or adverse recourse against [him]" for failing to make larger payments as directed. (Doc. #6 at 8.) Mr. Robinson alleges that he has been threatened "to make larger payments by any means necessary or be placed into a failure status and receive negatives that would hinder [his] program placement and place [him] in a refusal status." (*Id.* at 3.) According to Mr. Robinson, he cannot afford to make the larger payments that he has

been directed to make under the IFRP.

The Court notes initially that the IFRP "serves a valid penological objective of rehabilitation by facilitating repayment of debts" and "is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." ***Johnpoll v. Thornburgh***, 898 F.2d 849, 850-51 (2d Cir. 1990) (per curiam); *see **Phillips v. Booker***, 76 F. Supp. 2d 1183, 1192-93 (D. Kan. 1999); ***Prows v. Dep't of Justice***, 704 F. Supp. 272, 274-75 (D.D.C. 1988); *aff'd*, 938 F.2d 274. The IFRP became effective in 1987 to encourage inmates to meet their "legitimate financial obligations." 28 C.F.R. § 545.10; *see **Prows v. Dep't of Justice***, 938 F.2d 274, 275 (D.C. Cir. 1991) (per curiam). Court-ordered restitution is included among the various obligations that are subject to collection through the IFRP. *See* 28 C.F.R. § 545.11(a)(2). Although inmates are not required to participate in the IFRP, there are negative consequences for inmates who refuse to participate. *See* 28 C.F.R. § 545.11(d).

Mr. Robinson does not identify the specific right that allegedly has been violated by the threat of sanctions if he fails to make the IFRP payments set by prison officials. As noted above, he does not challenge the BOP's authority to set restitution payments under the IFRP. Therefore, construing the pleadings liberally, the Court interprets Mr. Robinson's claim challenging the amount of the payments he is being directed to make under the IFRP as a constitutional due process claim.

The Constitution guarantees due process when a person is to be deprived of life, liberty, or property. *See **Templeman v. Gunter***, 16 F.3d 367, 369 (10th Cir. 1994). Mr.

3

Robinson does not allege that he has been deprived of life or property. Therefore, he is entitled to due process only if he has a constitutionally protected liberty interest.

Mr. Robinson's liberally construed due process claim lacks merit because the threat of sanctions for refusal to participate in a voluntary program does not implicate a constitutionally protected liberty interest. **See Sandin v. Conner**, 515 U.S. 472, 484 (1995) (an inmate may be deprived of a liberty interest if subjected to a restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). As a result, "[e]very court to consider a challenge to the IFRP's constitutionality has upheld it." **Davis**, 260 F. App'x at 68. "In sum, the BOP is . . . within its constitutional authority to establish and enforce payment amounts [Mr. Robinson] must make towards the court-ordered . . . restitution." **Id.** at 69. Because the IFRP is a voluntary program that does not implicate a constitutionally protected liberty interest, Mr. Robinson's assertion that he cannot afford to make the required payments also does not demonstrate that his due process rights have been violated in any way. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this __16th__ day of ____June____, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00815-BNB

Howard G Robinson
Reg. No. 27515-112
FCI Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on June 16, 2011.

                              GREGORY C. LANGHAM, CLERK

                              By: _____
                                              Deputy Clerk